UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

RANDY BELLE,

Plaintiff,

-against-

Police Officer Shawn Nigro, Shield No. 20998; and
JOHN and JANE DOE 1 through 10, individually
and in their official capacities (the names John and
Jane Doe being fictitious, as the true names are
presently unknown),

Defendants.

-------------------------------------------------------------- x

**FILED**
**CLERK**

2012 JUN -5  PM 4: 52

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

Jury Trial Demanded

CV 12 - 2830

COGAN, J.

SUMMONS ISSUED

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Randy Belle ("plaintiff" or "Mr. Belle") is a resident of Kings County in the City and State of New York.

7.     Defendant Police Officer Shawn Nigro, Shield No. 20998 ("20998"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nigro is sued in his individual and official capacities.

8.  ·    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11.    At approximately 12:25 a.m. on May 25, 2012, Mr. Belle was lawfully in the vicinity of 3020 Surf Avenue, in Brooklyn, New York.

12.     Plaintiff was exiting his apartment building at the above location when defendants unlawfully stopped and searched.  Defendants recovered no contraband as a result of their unlawful search.

13.     Without providing plaintiff with a stop question and frisk form, defendants released plaintiff.

14.     Defendants approach plaintiff's brother in an adjacent area of the abovementioned apartment complex.

15.     Plaintiff observed officers place his brother in handcuffs.

16.     When plaintiff asked officers why they were arresting his brother, defendants proceeded to unlawfully handcuff and arrest plaintiff.

17.     Plaintiff was taken to a police precinct. PSA1

18.     At the time plaintiff was placed in handcuffs, defendants had no probable cause to arrest or otherwise detain him.

19.     Once at the precinct, defendants shackled plaintiff at his feet and threw him in a cell both handcuffed and shackled.

20.     Plaintiff remained in the cell handcuffed and shackled overnight.

21.     Sometime in the morning of May 25, 2012, plaintiff was taken to Brooklyn Central Booking.

22.     The officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had been in possession of marijuana and resisted

3

arrest.

23. The officers had not observed plaintiff in possession of marijuana nor did plaintiff resist arrest.

24. At arraignment, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

25. Plaintiff was released from Brooklyn Central Booking sometime in the morning of May 26, 2012.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

4

## SECOND CLAIM
### False Arrest

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Deliberate Indifference to Safety

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     The individual defendants were aware of a risk to plaintiff's safety and acted with deliberate indifference to plaintiff's rights.

5

38.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's safety.

39.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

40.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    June 5, 2012
New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP


Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*

7