UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RANDY BELLE,

                               Plaintiff,

           -against-

PO SHAWN NIGRO, JOHN and JANE DOES 1 through 10,
individually and in their official capacities

                               Defendants

------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

12 CV 2830 (BMC)

       **WHEREAS,** Plaintiff commenced this action by filing a complaint on or about, June 5, 2012 alleging that the Defendant violated Plaintiff's civil rights; and

       **WHEREAS,** Defendant has denied any and all liability arising out of Plaintiff's allegations; and

       **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

       **WHEREAS,** Plaintiff has authorized his counsel to settle this matter on the terms set forth below;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

       1.    The above-referenced action is hereby dismissed against Defendant, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph 2 below.

2. The City of New York hereby agrees to pay Plaintiff, Randy Belle, the sum of **Ten Thousand Dollars ($10,000.00)** in full satisfaction of all claims, including claims for costs, expenses, and attorneys' fees. In consideration for the payment of this sum, Plaintiff agrees to the dismissal with prejudice of all the claims against the named defendants, Police Officer Shawn Nigro and the individuals named herein as "John and Jane Doe 1 through 10," and to release and discharge all Defendants, the City of New York and any present or former employees and agents of the City of New York, or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of Plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to Defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the Defendants that they in any manner or way violated Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations, or

bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiff agrees to hold harmless the City of New York, Defendant Police Officer Shawn Nigro and the individuals named herein as "John and Jane Doe 1 through 10," regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
　　　　8/1　　　, 2012

Gabriel Harvis, Esq.
Harvis, Marinelli, Saleem, and Wright, LLP
305 Broadway 14th floor
New York, NY 10007

By: _____  7/31/12
　　Gabriel Harvis, Esq

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007
(212) 788-0437

By _____
Andrew Wenzel
Assistant Corporation Counsel
Special Federal Litigation Division

SO ORDERED:

_____
THE HONORABLE BRIAN COGAN
UNITED STATES DISTRICT JUDGE